UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DEBBIE HUMPHRIES,
*Defendant-Appellant.*

No. 01-4822

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-01-66)

Submitted: February 12, 2002

Decided: April 8, 2002

Before WIDENER, WILKINS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Matthew A. Victor, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Debbie Humphries appeals her jury convictions and seventy-two month sentence for possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (1994) and possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (1994). Finding no error, we affirm.

Humphries first contends there was insufficient evidence to support her jury convictions. This Court reviews a jury verdict for sufficiency of the evidence by determining whether there is substantial evidence, when viewed in a light most favorable to the government, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). The evidence presented at trial demonstrated Humphries possessed two stolen firearms. Further, two law enforcement officers recovered five firearms from Humphries' bedroom and closet. We thus find there was sufficient evidence to support the jury's verdict.

Humphries next contends the district court abused its discretion by denying her motion for a new trial based on inconsistent verdicts. Even assuming the verdicts were inconsistent, such inconsistency provides no basis for vacating a verdict or ordering a new trial. *See United States v. Powell*, 469 U.S. 57, 64-65 (1984); *United States v. Helem*, 186 F.3d 449, 457 (4th Cir. 1999). Therefore, the district court did not abuse its discretion.

Humphries next contends the district court erred in enhancing her sentence for obstruction of justice due to its finding she committed perjury at trial. *See United States Sentencing Guidelines Manual* § 3C1.1 (1998). Humphries also contests the district court's enhancement pursuant to § 2K2.1(b)(1)(C) for possessing nine firearms because the jury acquitted her of possessing two of them.

The district court did not err in finding Humphries' perjury at trial warranted application of a two-level enhancement under § 3C1.1. *See United States v. Dunnigan*, 507 U.S. 87, 92-98 (1993). Further, it is well settled that acquittal of an offense does not preclude a sentence

enhancement based upon the same conduct. *Monge v. California*, 524 U.S. 721, 728 (1998) (holding that double jeopardy principles are inapplicable to sentencing proceedings); *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam) (holding that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence); *United States v. Kinter*, 235 F.3d 192, 200-01 (4th Cir. 2000) (same), *cert. denied*, 121 S. Ct. 1393 (2001). The district court's findings were not clearly erroneous and the enhancement was therefore proper.

Accordingly, we affirm Humphries' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*